FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign insurer,<br><br>     Plaintiff,<br><br>     v.<br><br>DRAKE FORSBERG, and ESTATE OF DAVID FORSBERG,<br><br>     Defendants. | No.  2:23-CV-0188-SAB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration Under Fed. R. Civ. P. 59(e). ECF No. 52. Plaintiff is represented by Sarah Eversole. Defendant Drake Forsberg is represented by Evan Schneider. Defendant Estate of David Forsberg ("Defendant Estate") is represented by Marshall Casey, Isaiah Peterson, and Marcus Sweetser. The motion was considered without oral argument.

Plaintiff moves the Court to reconsider its denial of summary judgment as to coverage under the Liberty Guard Auto Policy in the above-captioned case. After reviewing the Motion, the Auto Policy, and caselaw, the Court **grants** the motion.

//

//

**ORDER GRANTING MOTION FOR RECONSIDERATION** * 1

# MOTION STANDARD

Fed. R. Civ. P. 59(e) provides that a party may file to alter or amend a judgment "no later than 28 days after the entry of judgment." "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A court can determine it made a clear error when after reviewing the entire record it is "left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

# PLAINTIFF'S MOTION FOR RECONSIDERATION

The Court reviewed Plaintiff's argument and finds it committed clear error in analyzing the Liberty Guard Auto Policy in its last Order, ECF No. 50.

Under the Auto Policy, Definition A.1 defines "you" or "your" as "[t]he 'named insured' shown in the Declarations." Exclusion B of the Auto Policy indicates:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of: [. . .]
> 3. Any vehicle, other than "your covered auto," which is:
>    a. owned by any "family member;" or
>    b. furnished or available for the regular use of any "family member"
>
> However, this exclusion (B.3) does not apply to *you* while you are maintaining or "occupying" any vehicle which is:
>    a. owned by a "family member;" or
>    b. furnished or available for the regular use of a "family member."

Drake Forsberg was not a named insured and did not meet the Policy definition of "you" for purposes of coverage. Exclusion B.3 applies to "you,"

**ORDER GRANTING MOTION FOR RECONSIDERATION \* 2**

which means Plaintiff is not liable to indemnify Drake Forsberg.

Ownership of the Ford Ranger truck at issue is immaterial to the question of coverage. The truck was not a listed vehicle under the Auto Policy Declarations, and, since it was purchased on October 8, 2021, it does not qualify as a "newly acquired auto" for coverage under the Policy's agreement in Part A—B.1 and B.2 for a "covered auto." It was purchased more than 30 days before the November 12, 2021 crash.

Defendant Estate previously argued Tracy Gibson held title and therefore ownership until October 28, 2021. But Washington law does not recognize title as a sole indicator of ownership. *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wash. App. 424, 430–31 (1990). The relevant and material fact at issue is ownership transferred when the truck was purchased on October 8, 2021.

Therefore, Drake Forsberg is not covered by the Auto Policy, absolving Plaintiff of any liability to Drake under the Auto Policy.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR RECONSIDERATION * 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration Under Fed. R. Civ. P. 59(e), ECF No. 52, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, ECF No. 32, is **GRANTED** in full.

3. The Court declares there **is no coverage** for Drake Forsberg under the Auto Policy for the accident on November 12, 2021.

4. The District Court Clerk shall correct the judgment set forth in ECF No. 51, and enter judgment as follows:

    a. **for Plaintiff** on the Personal Liability Policy coverage;

    b. **for Plaintiff** on the Auto Policy coverage;

    c. **for Plaintiff** as to Defendant Drake Forsberg's counterclaims of bad faith, violation of the Consumer Protection Act; violation of the Insurance Fair Conduct Act; negligent claims adjusting, and breach of contract.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, enter judgment, and **close** the file.

**DATED** this 6th day of August 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION \* 4**